**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000528
25-SEP-2012
09:25 AM**

CAAP-11-0000528

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
TYLOR TRAN, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-11-00241)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Defendant-Appellant Tylor Tran (Tran) appeals from the judgment of conviction (Judgment) filed on June 30, 2011, in the District Court of the First Circuit (District Court).[1] Tran was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) §§ 291E-61(a)(1) and/or 291E-61(a)(4) (Supp. 2011).[2]

---

[1] The Honorable William A. Cardwell presided.

[2] HRS §§ 291E-61(a)(1) and 291E-61(a)(4) provide:

   (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

        (1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental
                                                      (continued...)

Prior to trial, Tran orally moved to dismiss the OVUII charge for failure to allege a mens rea. The District Court denied the motion. After a bench trial, the District Court found Tran guilty of OVUII in violation of HRS § 291E-61(a)(1), but it dismissed the HRS § 291E-61(a)(4) violation because no evidence was presented on the (a)(4) violation.

On appeal, Tran argues the District Court erred in: (1) denying his motion to dismiss because the OVUII charge was deficient for failing to allege a mens rea; (2) denying his motion to suppress evidence obtained after the traffic stop; (3) denying Tran's request for the expedited preparation of the transcript of the arresting police officer's testimony and denying Tran's alternative request for a continuance so that the transcript could be prepared; and (4) denying Tran's request to strike the arresting police officer's testimony.

In State v. Nesmith, 127 Hawaiʻi 48, 53, 61, 276 P.3d 617, 622, 630 (2012), the Hawaiʻi Supreme Court held that a mens rea must be alleged in an OVUII charge asserting a violation of HRS § 291E-61(a)(1) in order to provide fair notice of the nature and cause of the accusation. Pursuant to Nesmith, we conclude that Tran's HRS § 291E-61(a)(1) charge was deficient for failing to allege a mens rea.

IT IS HEREBY ORDERED that the District Court's Judgment is vacated, and the case is remanded to the District Court with instructions to dismiss the complaint without prejudice. In

---

[2/] (...continued)
faculties or ability to care for the person and guard against casualty;

. . .

(4) With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

2

light of our disposition of Tran's first point of error, we need not address the other points of error he raises on appeal.

DATED:   Honolulu, Hawai'i, September 25, 2012.

On the briefs:

Richard L. Holcomb
(Holcomb Law, LLLC)
for Defendant-Appellant


Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3